IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER ESTRADA, Petitioner, | § § § § | |
| v. | § § | EP-20-CV-209-PRM |
| FEDERAL BUREAU OF PRISONS, Respondent. | § § § § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Francisco Javier Estrada's pro se "Habeas Corpus Action 28 U.S.C. § 2241" (ECF No. 1) [hereinafter "Petition"], filed on July 15, 2020, in the above-captioned cause.   For the reasons stated herein, the Court will dismiss Petitioner's Petition.

## I.   FACTUAL BACKGROUND

Petitioner, Federal Prisoner Number 76996-080, is a 55-year-old inmate serving twelve months' imprisonment for violating the terms of his supervised release.   *United States v. Estrada*, 3:01-CR-1737-DB-1 (W.D. Tex.), Order Revoking Supervised Release, Apr. 30, 2020, ECF No. 253.   He resides at the El Paso County Jail Annex awaiting transfer to a Bureau of Prisons [hereinafter "BOP"] facility.   Pet. 2.   His projected release date is December 20, 2020.   *See* www.bop.gov/inmateloc (search for Francisco Javier Estrada) (last visited July 20, 2020).

Petitioner claims that because he is being held in a county facility, he is unable to meet with BOP officials to discuss when his sentence commenced, whether he will receive pre-sentencing credit toward his sentence, "and when he qualifies for halfway-house or home confinement." Pet. 3. Petitioner also contends that he is being denied access to recreational facilities, "sick call, and habitable living conditions . . . due to COVID-19." *Id.* He explains that the sheriff has told him that the county does not have the resources to sanitize every area and "the jail does not have room for practicing 'social distancing.'" *Id.* He asks the Court to order the BOP "to immediately transfer" him or, in the alternative, to order his release "to a safer place away from COVID-19." *Id.* at 4.

## II.   LEGAL STANDARD

"Typically, habeas is used to challenge the fact or duration of confinement," whereas a non-habeas action is typically "used to challenge conditions of confinement." *Poree v. Collins*, 866 F.3d 235, 242–43 (5th Cir. 2017). Moreover, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). To prevail, a habeas corpus petitioner

2

must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c).

During its initial screening of a § 2241 petition, a reviewing court accepts a petitioner's allegations as true.   28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).   A reviewing court evaluates a petition presented by a pro se petitioner under a more lenient standard than the court would apply to a petition submitted by counsel.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   However, a reviewing court must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."   *Twombly*, 550 U.S. at 556.   A reviewing court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."   Rules Governing § 2254 Cases in the United States District Courts 4; *see also id.* at 1(b) (noting that the rules apply to § 2241 petitions).

## III.   ANALYSIS

Petitioner asks the Court to intervene on his behalf and order the BOP to transfer him to a BOP facility or, in the alternative, to transfer him to a "safer place."   Pet. 4.   Notably, Petitioner does not suggest that he submitted a transfer request to the BOP.   He also does not suggest that he

3

attempted to resolve his concerns about his sentence calculation or the potential threat to his health posed by the COVID-19 pandemic through the BOP.

## A. Exhaustion

An initial issue that a court must address when screening a § 2241 petition is whether the petitioner exhausted his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). A petitioner seeking habeas relief must first exhaust all administrative remedies which might provide appropriate relief before seeking judicial review. *Id.*; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion under the Prison Litigation Reform Act).

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions may be made only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

4

Petitioner could have submitted his transfer request directly to the BOP.   If the BOP denied his request, Petitioner had the multi-tiered BOP administrative review process available to review the decision.   28 C.F.R. § 542.10–15.   Accordingly, if Petitioner had a meritorious claim, there is nothing to suggest that the BOP would not have simply granted his request or afforded him relief.   Further, if the BOP made an error concerning Petitioner's request, he should have given the BOP an opportunity to correct the error before seeking judicial intervention.   Indeed, an attempt by Petitioner to exhaust the BOP administrative review process would clearly not be a patently futile course of action.   While "[i]t is true that exhaustion . . . takes time . . . there is no reason to assume that . . . prison administrators . . . [would] not act expeditiously."   *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973).

Hence, the Court finds that Petitioner has not exhausted and dismissal is warranted on this basis alone.   *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).   However, even if Petitioner had properly exhausted, the Court would still not grant him § 2241 relief for the reason set forth below.

**B.    Merits**

5

The Attorney General, and by delegation, the BOP, have exclusive authority and discretion to designate an inmate's place of confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971).   "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).

Furthermore, a petitioner "has no constitutional right to be incarcerated in the facility of his choice." *Thomas v. Pearson*, 342 F. App'x 21, 22 (5th Cir. 2009).   A petitioner disputing a BOP assignment is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *accord Nativi–Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003); *see also Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003) ("Since discretionary relief is a privilege . . .

6

denial of such relief cannot violate a substantive interest protected by the Due Process clause.").

Petitioner does not allege he is in custody as a result of a constitutional violation. He merely seeks a transfer from a county jail to a BOP facility. Pet. 4. In the alternative, he asks for a compassionate release to a halfway house or home confinement due to the threat to his health posed by the COVID-19 pandemic. *Id.* A § 2241 petition is not an appropriate vehicle to seek a transfer to a different facility. *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (per curiam) (addressing a § 2241 petition seeking a transfer as relief for overcrowding, denial of medical treatment, and access to an adequate law library). "A compassionate release request is not a matter of illegal or unconstitutional restraint." *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009). Consequently, a petition under § 2241 is not the proper means by which Petitioner may obtain the relief he seeks.

## IV.  CONCLUSION

Accordingly, the Court is of the opinion that Petitioner has not only failed to exhaust his administrative remedies but also has not shown he is in custody in violation of the Constitution or laws or treaties of the United States. Therefore, Petitioner is not entitled to § 2241 relief and his request

7

is denied.

Accordingly, **IT IS ORDERED** that Petitioner Francisco Javier Estrada's pro se "Habeas Corpus Action 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the $5.00 filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this ___23___ day of **July, 2020.**

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE